# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

September 19, 2005

**VIA REGULAR MAIL**

Dennis L. Wimer
878274-C
C.R.A.F. E-2-F
P.O. Box 7450
Trenton, NJ 08628
PRO SE

    *(Plaintiff)*

Stephen E. Siegrest, Esq.
Murphy & O'Connor, LLP
1810 Chapel Avenue West
Suite 130
Cherry Hill, NJ 08002-4607

    *(Attorney for Defendant)*

**Re: Wimer v. Grady et al**
    **Docket No.: 05-2040 (WJM)**

Dear Litigants:

    This matter comes before the Court on Defendant Grady's unopposed motion for summary judgment. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Grady's motion is **GRANTED** and, accordingly, the Complaint against him is **DISMISSED WITH PREJUDICE**.

**I. Factual Background**
    Because a full recapitulation of the allegations in the Complaint is not necessary to resolution of this motion, the Court will not do so here. For present purposes, it suffices to point

out that the Complaint alleges Grady served as the medical director at Bergen County Jail during all relevant time periods. It further alleges that Plaintiff suffers from debilitating headaches but has not received proper medical treatment since his admission to Bergen County Jail. Plaintiff attributes this alleged neglect in part to Grady's failure properly to train and supervise his medical staff. Plaintiff has filed this complaint under 42 U.S.C. § 1983 and has requested injunctive relief as well as damages in the amount of $35 million.

## II. Standard of Review

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. See id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. See Anderson, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. Defendant Grady's Motion for Summary Judgment is Granted

Grady submits in his moving papers that, although he once served as the medical director at Bergen County Jail, he left that position on July 1, 2004, some six months before the alleged mistreatment took place. He therefore argues that (1) he played no role in treating Plaintiff, and (2) he could not have been responsible for supervising the work of or training those physicians and nurses who did in fact treat Plaintiff. Plaintiff has not contested any of these above submissions. For all of these reasons, Plaintiff has failed to demonstrate that Grady bears responsibility for the alleged suffering he has endured or currently endures.

## IV. Conclusions

For the foregoing reasons, Grady's motion for summary judgment is **GRANTED** and, accordingly, the Complaint against him is **DISMISSED**. An appropriate Order accompanies this Letter Opinion.

s/William Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

cc:   The Honorable Ronald J. Hedges, U.S.M.J.
      Ian Doris, Esq.