

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

January 18, 2006

Dennis L. Wimer
878274-C
C.R.A.F. E-2-F
P.O. Box 7450
Trenton, NJ 08628
PRO SE

    *(Plaintiff, pro se)*

Ian C. Doris
Assistant County Counsel
Office of the County Counsel
One Bergen County Plaza
Room 850
Hackensack, NJ 07601

    *(Attorneys for Defendant Boyce)*

**Re: Wimer v. Grady, et al.**
    **Docket No.: 05-2040 (WJM)**

Dear Litigants:

    This matter comes before the Court on Defendant Boyce's motion for summary judgment. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Boyce's motion is **GRANTED** and, accordingly, the Complaint against him is **DISMISSED WITH PREJUDICE**.

**I. Factual Background**

A full recapitulation of the allegations in the Complaint is not necessary for a resolution of this motion. For present purposes, it suffices to point out that in his Complaint, Plaintiff Wimer alleges that Boyce, a sergeant at Bergen County Jail during all relevant time periods, handled Wimer's intake at the jail on December 13, 2004. It further alleges that Wimer suffers from debilitating cluster headaches but did not receive proper medical treatment upon his admission to the jail in part because of Boyce's failure to forward Wimer's medical prescriptions to the appropriate medical staff. (Compl. 2.) Wimer has filed this Complaint under 42 U.S.C. § 1983 and has requested injunctive relief as well as damages in the amount of $35 million.

**II. Standard of Review of Summary Judgment**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III. Defendant Boyce's Motion for Summary Judgment is Granted**

Wimer's only allegation against Boyce is that, upon Wimer's admission to jail, Boyce took Wimer's medical prescriptions into custody but failed to forward them to appropriate medical personnel. (Compl. 2, 7.) Although this Court finds it difficult to discern from the filings the precise timeline of relevant events, perusal of Wimer's own submissions reveals that Boyce did indeed forward copies of Wimer's prescriptions to the pertinent medical staff.

According to the Complaint, Wimer was taken to Barnett Hospital for a physical examination on the day of his arrival at Bergen County Jail. (*Id.* 2.) Sometime before or during this examination, Wimer states in his opposition papers, "the examining physician *was shown Wimer's medical prescriptions*." (Pl.'s Statement of Uncontested Facts ¶ 2) (emphasis added.) Thus, according to Wimer's own submissions, it is apparent that on the day of Wimer's admission to jail, copies of the prescriptions had in fact been forwarded to the jail's medical department. As such, this Court finds there is no genuine issue of material fact as to whether Boyce bears responsibility for the alleged suffering Wimer endured.

**IV. Plaintiff Wimer's Request to Reinstate Defendant Grady and to Name Additional Defendants is Denied**

As previously stated, this Court granted summary judgment in favor of Defendant Grady on September 19, 2005. In his opposition papers, in addition to contesting Boyce's motion for summary judgment, Wimer has requested that this Court reinstate Grady as a defendant and also add as defendants virtually all correctional, medical, and legal personnel associated with

Plaintiff's incarceration.[1]  (Pl.'s Statement of Uncontested Facts ¶ 8.)  The Court finds this request without any basis in law or fact, and accordingly, it is denied.

**V. Conclusions**

For the foregoing reasons, Defendant Boyce's motion for summary judgment is **GRANTED**, Plaintiff Wimer's request to reinstate Grady and to name additional defendants is **DENIED**, and the Complaint is **DISMISSED** in its entirety.  An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1] Wimer states that he intended his suit against "all parties named or referred to i.e., Barnett Hospital, CMS, Bergen Count [sic] Sheriffs Department, Bergen County Jail, Bergen County Office of the Public Defender, etc."  (Pl.'s Statement of Uncontested Facts ¶ 8.)